**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Khari Varner *also known as* Khari Sekou,

Plaintiff,

v.

United States of America,

Defendant.

Case No. 2:26-cv-00041-JAD-DJA

**Order**

Under 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis* (meaning, without paying the filing fee). (ECF No. 9). Plaintiff also submitted a complaint. (ECF No. 1-1). Because the Court finds that Plaintiff's application is complete, it grants the application to proceed *in forma pauperis*. The Court also screens Plaintiff's complaint. However, because Plaintiff fails to allege facts sufficient for the Court to conclude that it has subject matter jurisdiction over his Federal Tort Claims Act ("FTCA") claim, it dismisses Plaintiff's claim without prejudice and with leave to amend.

## I. *In forma pauperis* application.

Plaintiff filed the affidavit required by § 1915(a). (ECF No. 9). Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

## II. Legal standard for screening.

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III. Screening the complaint.**

Plaintiff's allegations are limited to the following:[1]

> Federal agencies and their agents owed Plaintiff a duty of reasonable care. Despite notice of constitutional and statutory violations involving state actors and federally funded programs, federal authorities failed to investigate, supervise, or intervene. These failures directly resulted in severe emotional distress, loss of familial association, and other compensable harms.
>
> (ECF No 1-1).

Plaintiff brings a claim for negligence against the United States of America ("United States") under the FTCA seeking damages. (*Id.*). Plaintiff alleges that the United States "breached its duty of care through negligent investigation, negligent supervision, negligent failure to intervene, and negligent failure to protect federally protected rights." (*Id.*).

The United States, as a sovereign, can only be sued to the extent it waives its sovereign immunity and consents to be sued. *See United States v. Dalm*, 494 U.S. 596, 608, (1990). "The FTCA waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing, *inter alia*, 28 U.S.C. §§ 1346, 2671-80). "Before a plaintiff can file an FTCA action in federal court, ... he must exhaust the administrative remedies for his claim." *Id.* (citing 28 U.S.C. § 2675(a)). An administrative claim is deemed exhausted once the relevant agency finally denies

[1] Plaintiff also attaches ten exhibits (A-J) to his complaint. (ECF No. 1-1). However, it appears exhibits B-J did not attach correctly and the Court is unable to review them.

it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing. *See* 28 U.S.C. § 2675(a). "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *Vassilev*, 858 F.3d at 1244 (citation omitted).[2] Because the requirement is jurisdictional, it "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992). Indeed, the Supreme Court has described the FTCA's exhaustion requirement as a "clear statutory command." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Here, Plaintiff has not alleged enough specific facts for the Court to determine whether he has exhausted his administrative remedies before filing the instant suit. Plaintiff's exhaustion of his administrative remedies is a prerequisite to the Court's subject matter jurisdiction under the FTCA. *See Carr v. United States*, No. 2:20-cv-01850-GMN-NJK, 2022 WL 19973874, at *2 (D. Nev. Mar. 31, 2022) (explaining that in the Ninth Circuit, "the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.") (citing *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006)). Plaintiff states in section five of his complaint that he "submitted an administrative complaint to the U.S. Department of Health and Human Services, Office for Civil Rights [("OCR")]. On December 23, 2025, [OCR] issued a final closure letter, constituting final agency action." (ECF No. 1-1). But based on the inaccessibility of almost all of Plaintiff's exhibits and the lack of specific facts in his allegations, the Court cannot determine whether the OCR was a relevant agency for purposes of administrative exhaustion. This is especially true because Plaintiff indicates in his complaint that more than one federal agency may be involved in his negligence claims: "Federal *agencies* and their agents owed Plaintiff a duty of reasonable care." (ECF No. 1-1) (emphasis added in original). Given the Ninth Circuit's strict jurisdictional interpretation, the Court declines to presume that the OCR's denial letter constituted

---

[2] In other words, a plaintiff may only "institute[ ]" an FTCA "action" in federal district court once they have submitted an administrative claim and either (a) received a final denial from the appropriate agency, or (b) six months have passed since the submission of the claim. 28 U.S.C. § 2675(a).

administrative exhaustion. Because Plaintiff fails to allege facts sufficient for the Court to conclude that it has subject matter jurisdiction over his FTCA claim, it dismisses Plaintiff's claim without prejudice and with leave to amend.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed without prejudice and with leave to amend** for failure to show exhaustion of administrative remedies. Plaintiff will have until **November 9, 2026,** to file an amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **send** Plaintiff a copy of this order to his email and to his physical address.

DATED: October 9, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE